Esteban-Ramirez v. Bondi

BIA
Verrillo, IJ
A208 744 026/027, A208 747 063/064

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

FIDELINO ESTEBAN-RAMIREZ, ADILIA MAYDELI ESTEBAN-DIAZ, PETRONA ABIGAIL DIAZ-MEDRANO DE ESTEBAN, YETZMAN SAEBASTIAN ESTEBAN-DIAZ,
> *Petitioners,*

> v.                                          **22-6434**
>                                             **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

**FOR PETITIONERS:**   Robert C. Ross, Esq., West Haven, CT.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Christin M. Whitacre, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Fidelino Esteban-Ramirez, and his wife and minor children, natives and citizens of Guatemala, seek review of an August 9, 2022 decision of the BIA affirming a June 11, 2019 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Fidelino Esteban-Ramirez, et al.*, Nos. A208 744 026/027, A208 747 063/064 (B.I.A. Aug. 9, 2022), *aff'g* Nos. A208 744 026/027, A208 747 063/064 (Immig. Ct. Hartford June 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] We refer solely to Esteban-Ramirez because all the applicants relied on the same facts.

Under the circumstances, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard" and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**I.      Asylum and Withholding of Removal**

An applicant for asylum and withholding of removal has the burden to establish past persecution or that he will be persecuted in the future, 8 C.F.R. §§ 1208.13(a), (b), 1208.16(b), and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (the "one central reason" standard applies to both asylum and withholding of removal).

The agency did not err in concluding that Esteban-Ramirez failed to demonstrate that his family membership is one central reason for his claimed harm. *See Matter of L-E-A-*, 27 I. & N. Dec. 40, 43–45 (BIA 2017). Esteban-Ramirez

testified that he witnessed his father's murder in 1996, that the murder had been arranged by his uncle because his uncle wanted land his mother had inherited, that he and his mother had reported the murderer to the authorities, and that as a result, his father's murderer had tried to kill him and continued to look for him. The record, including Esteban-Ramirez's testimony, supports the agency's finding that his father's murderer was motivated by revenge, not on account of a protected ground, and that whatever interest the murderer retained in Esteban-Ramirez was related to the fact that Esteban-Ramirez witnessed the murder. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). The agency thus did not err in finding that Esteban-Ramirez's family membership was not one central reason for his fear of persecution. *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) ("Asylum may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground.").

The agency also did not err in determining that Esteban-Ramirez's other proposed social groups, "witness to a crime," lacks the requisite social distinction to constitute a particular social group. To constitute a cognizable particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014)

4

(quotation marks omitted). Although Esteban-Ramirez reported his father's murder, he did not testify publicly, his name was never disclosed to the public in connection with any proceedings, and he never discussed the crime or his reporting with anyone other than his mother, a police officer, and the prosecutor. Under these circumstances, no "reasonable adjudicator would be compelled to conclude" that "witness to a crime" is a socially distinct group. 8 U.S.C. § 1252(b)(4)(B). Nor does Esteban-Ramirez point to anything in the record to establish that, beyond the specific circumstances of witnessing his father's murder, "witness to a crime" is a socially distinct category within Guatemalan society.

Because Esteban-Ramirez has not established his eligibility for asylum, he has necessarily not established his eligibility for statutory withholding of removal. *See Hong Fei Gao*, 891 F.3d at 76.

**II.    CAT Relief**

As the Government asserts, Esteban-Ramirez did not fully exhaust his CAT claim before the BIA. Exhaustion is mandatory when, as here, the Government raises it. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023). "[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it." *Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024).

To establish a CAT claim, an applicant has the burden to establish that he will "more likely than not" be tortured and where, as here, he fears torture by a non-state actor, that public officials will more likely than not consent or acquiesce to that torture. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). On appeal to the BIA, Esteban-Ramirez devoted three sentences to challenging the denial of CAT relief, arguing that the record showed government acquiescence to torture because "the police were uninterested" in the murders of his father and grandfather, police never searched for his uncle who had arranged his father's murder, and authorities generally "ignored the plight of the family, despite repeated complaints." He did not address whether his father's murderer would more likely than not be able to find him and torture him if he returned to Guatemala. Thus, contrary to Esteban-Ramirez's claims here, the BIA did not err in finding that he waived the likelihood element of his CAT claim.

Because Esteban-Ramirez failed to argue the likelihood of torture before the BIA, that element of his CAT claim is unexhausted, and his argument that he will likely be tortured is not properly before us. *Punin*, 108 F.4th at 124. Because a CAT claim involves a two-step inquiry requiring a showing of both likely torture and government acquiescence, *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022), this failure to exhaust is dispositive of the claim.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:45%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>